

**ORDERED in the Southern District of Florida on December 11, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:

    Marcos Osmani Rivero aka
    Marcos O Rivero and
    Tania Rivero,

                  Debtors.

Case No. 12-18611-AJC
Chapter 13 Case

**MEMORANDUM ORDER DENYING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**

THIS CAUSE came before the Court for an evidentiary hearing on October 30, 2012 at 3:00 p.m. upon Debtors Marcos Osmani Rivero aka Marcos O Rivero and Tania Rivero (hereafter, "Debtors") Motion to Value and Determine Secured Status of Lien on Real Property (the "Motion," D.E. 20). The Motion seeks to value the real property located at 5401 Collins Ave., Unit 726, Miami Beach, FL 33140 (the "Valued Property") at $130,000.00, and determine the secured status of respondent PNC Bank, National Association ("Creditor") accordingly.

After hearing argument of counsel for the Debtors, and counsel for Creditor, and having considered the relevant evidence, the Court determines that the Creditor's mortgage is not subject

to modification, pursuant to the anti-modification provisions of 11 U.S.C. §1322(b)(2). Thus, the Debtors' Motion to Value and Determine Secured Status of Lien on Real Property is DENIED.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. §157(b). The following are the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings by Fed. R. Bankr. P. 7052.

## FINDINGS OF FACT

1. On or about December 18, 2006, Debtor Tania Rivero completed and signed a Uniform Residential Loan Application (the "Loan Application") seeking a loan in the amount of $306,000.00 from Creditor for a second lien conventional mortgage on the Valued Property. On page 1 of the Loan Application, Debtor marked a checkbox indicating the Valued Property will be her Primary Residence. On page 3 of the Loan Application, in Section VIII. Declarations, question *l*, reading "Do you intend to occupy the property as your primary residence?" Debtor marked the checkbox indicating "Yes."

2. On or about December 18, 2006, Debtor Tania Rivero executed a Promissory Note (the "Note") in the principal amount of $306,000.00 in favor of Creditor. Simultaneously, Debtor Tania Rivero and Debtor Marcos Osmani Rivero aka Marcos O Rivero executed a Mortgage (the "Mortgage") encumbering the Valued Property. The Note provides on page 2, in the paragraph titled "Security Interests," "If the Dwelling is your primary or secondary residence, you represent and warrant to Bank that at all times during the term of this Agreement your Dwelling, or a minimum of one unit of your multi-unit Dwelling, shall be occupied by you and shall not be used as a rental property."

3. The Mortgage constitutes a second lien on the Valued Property. According to the Debtors' Schedule D, a first mortgage on the Valued Property is held by Coastal States Mortgage Corporation in the amount of $43,485.11.

4. According to the Miami-Dade County Property Appraiser Information Page for the Valued Property, the Debtors have claimed Florida's Homestead Tax Exemption for the Valued Property in the years 2010, 2011 and 2012.

5. The Debtors filed their Chapter 13 bankruptcy petition on April 9, 2012.

6. According to the Debtors' bankruptcy petition (D.E. 1 at page 15), on Schedule C, the Debtors' have claimed the Valued Property as exempt as provided by Fla. Const. Art. X, §4(a)(2), the Homestead Exemption. The Debtors amended their Schedules on June 21, 2012 (D.E. 61). The Debtors' Amended Schedule C also lists the Valued Property as exempt under the Florida Constitution's Homestead Exemption.

7. On their bankruptcy petition, Debtors identified their street address as 5401 Collins Avenue, Apt. 219, Miami Beach, Florida, 33140 (the "Sister's Property"). The Sister's Property is not otherwise listed on the Debtors' Schedules. The Debtors scheduled only the Valued Property on their Schedule A.

8. Debtor Tania Rivero testified during the evidentiary hearing that Debtors moved out of the Valued Property in approximately September, 2011. Mrs. Rivero testified that Debtors currently reside in the Sister's Property. Mrs. Rivero further testified that Debtors do not pay any rent to live in the Sister's Property and that they may live at the Sister's Apartment rent-free for as long as they need. Mrs. Rivero testified that the Debtors had moved out of the Valued Property and into the Sister's Property to rent the Valued Property, and that Debtors had rented the Valued Property twice, for consecutive two-month terms from January through February 2012, and then

from March through April 2012. Mrs. Rivero testified that Debtors were collecting rent from leasing the Valued Property, but they were not using any of the rent received to pay the Creditor's loan. The Debtors submitted into evidence various invoices indicating their mailing address to be the Sister's Property.

9. The Debtors' drivers' licenses admitted into evidence show the Debtors' address at the Sister's Property. The licenses were both replaced on February 13, 2012, less than two months prior to the petition date.

10. The Debtors' voter registration cards admitted into evidence show the Debtors' address at the Sister's Property. The Debtors' voter registration cards were issued June 6, 2012, almost two months after the petition date.

11. The Debtors filed their Chapter 13 Plan on April 9, 2012 (D.E. 2). In the Plan, Debtors sought to value the Valued Property as investment property, and reduce Creditor's claim to total plan payments of $95,836.80.

12. Creditor filed its Proof of Claim #3 on April 24, 2012, asserting a secured claim of $219,730.07, based on a perfected second mortgage lien on the Valued Property. The Debtors filed the Motion to Value (D.E. 20) on May 1, 2012. Creditor filed its Preliminary Response to the Motion to Value (D.E. 35) on May 8, 2012. Creditor's Preliminary Response contested the proposed valuation of the Valued Property, and also raised the issue that the Valued Property is the Debtors' primary residence, and that therefore Creditor's lien is not subject to modification under 11 U.S.C. §1322.

13. A first priority lien exists on the Valued Property in the secured amount of $43,485.11, as evidenced by Proof of Claim #10 filed by Green Tree Servicing LLC.

14. The Debtors submitted and the Court accepted for admission the following

exhibits for consideration as evidence: two, two-month lease agreements for the Valued Property, rent checks, Debtors' voter registration cards, Debtors' driver licenses, bills received by Debtors at the Sister's Property, the Note, Mortgage and Loan Application, and Miami-Dade County Property Appraiser's information page for the Valued Property for years 2011 and 2012.

15. At the Creditor's request, the Court took judicial notice of the Debtors' Petition and Schedules, including Debtors' amended Schedule C.

## **CONCLUSIONS OF LAW**

16. The question before the Court is whether the Valued Property was the Debtors' principal residence. If it is, then Creditor's mortgage lien is not subject to valuation and bifurcation under 11 U.S.C. §506 or modification due to the protection offered by §1322(b)(2), which provides that the Debtors' Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

17. For the purpose of determining whether the anti-modification provisions of §1322(b)(2) apply, Creditor bears the burden of proof that its secured claim is entitled to protection, and the relevant date for determining principal residence is the petition date. *In re Santiago*, 404 B.R. 564 (Bankr. S.D.Fla. 2009). The standard of proof is a preponderance of the evidence. *In re Perez*, 2010 WL 2821882, *3 (Bankr. S.D.Fla. 2010).

18. The instant case is analogous to this Court's decision in *Perez*. In that case, this Court held that §1322(b)(2) applied to deny Debtor's request to value real property because the subject property was her principal residence, despite the debtor's testimony that she had moved into a different property prior to the petition date and listed a different address on her bankruptcy petition.

19.     "The Note, Mortgage and Modification Agreement require the Valued Property to be used as a primary residence, and the Debtor consented to that provision when executing all these documents." *Perez* at *4. In the instant case, as in *Perez*, Debtors agreed in the Loan Application, Note and Mortgage that the Valued Property would be their principal residence, and warranted that the Valued Property would remain their principal residence throughout the term of the agreement. The maturity date of the Mortgage is December 18, 2036.

20.     Furthermore, the drivers' licenses and voter registration cards presented by the Debtors do not persuade the Court that the Valued Property is no longer their principal residence, as the voter registration cards presented by the Debtors were dated June 6, 2012, two months post-petition, and the drivers licenses were reissued to the Debtors on February 13, 2012, less than two months prior to the petition date. "Although Debtor's drivers license contains an address other than the Valued Property, the Court is not persuaded by this evidence that to conclude the Valued Property is not Debtor's principal residence, *particularly because it appears the license was reissued shortly before the Debtor's filing of this bankruptcy case*" (emphasis added). *Perez* at *4.

21.     The Debtor testified that they do not intend to return to the Valued Property, even though it is the only real property they presently own. However, in light of the Debtor's testimony that they are currently living in the Sister's Property, a different unit in the same building as the Valued Property, the Court finds this testimony to be self-serving. While the Debtors may have leased the Valued Property, for short periods of time, they have not proven they abandoned same as their homestead, as is evident by the fact they continue to avail themselves of the protections of the Florida homestead exemption with regard to the Valued Property.

22. The foregoing evidence is especially persuasive; "In order for real property to qualify as a homestead it must be the claimant's principal residence." *In re Santiago*, 404 B.R. at 571. Creditor has presented uncontroverted evidence demonstrating that Debtors claimed the Florida homestead tax exemption in 2010, 2011 and 2012. Furthermore, Debtors claimed the Valued Property as exempt under Florida Constitution's homestead exemption section in their bankruptcy petition Schedule C (D.E. 1) and their Amended Schedule C (D.E. 61).

23. Creditor has met its burden of proving that, at the time of the filing of their bankruptcy petition, Debtors continued to maintain the Valued Property as their principal residence. Creditor has presented uncontroverted evidence that the Debtors agreed to use the Valued Property as their principal residence in their mortgage, that they claimed and obtained the benefit of the Florida homestead tax exemption in the years leading up to and after the petition date, and that Debtors invoked the protections of the homestead exemption in their sworn bankruptcy petition and schedules.

24. Debtors have failed to persuasively rebut Creditor's evidence that the Valued Property is their principal residence. Debtors' recently reissued driver's licenses and voter registrations are not conclusive, and Debtors' testimony was unconvincing. Further, although the Debtors have presented lease agreements, such lease agreements – evidencing short term leases – do not persuade this Court that the Debtors intended to abandon their homestead as their principal residence.

Thus, because the evidence supports Creditor's position that the Valued Property is the Debtors' principal residence, and because it is undisputed that the value of the subject property as stated by the Debtors exceeds the $43,000+ first mortgage which is senior to the Creditor's, the Court finds that the Mortgage is not subject to modification pursuant to 11 U.S.C. §1322(b)(2).

Accordingly, it is

ORDERED AND ADJUDGED that the Debtors' Motion to Value and Determine Secured Status of Lien on Real Property (D.E. 20) is DENIED as moot.

###

Copies furnished to:

Mark Steiner, Esq.
Richard Robles, Esq.